IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
December 14, 2004 Session

## STATE OF TENNESSEE v. AARON EDWIN AYTES

**Appeal from the Criminal Court for Cumberland County**
**No. 7612    Leon C. Burns, Jr., Judge**

---

**No. E2004-01051-CCA-R9-CD - Filed March 18, 2005**

---

This is a state appeal from the Cumberland County Criminal Court's suppression of a handgun seized pursuant to a warrantless search of the defendant's vehicle. Because a "good faith" exception to the exclusionary rule has not been adopted as a facet of the state constitution, we affirm.

**Tenn. R. App. P. 9; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J. and JOSEPH M. TIPTON, J., joined.

Paul G. Summers, Attorney General & Reporter; Brent C. Cherry, Assistant Attorney General; William E. Gibson, District Attorney General; and John Moore, Assistant District Attorney General, for the Appellant, State of Tennessee.

David N. Brady, District Public Defender; and Cynthia S. Lyons and John B. Nisbet, III, Assistant District Public Defenders, for the Appellee, Aaron Edwin Aytes.

### OPINION
.

For the purposes of a March 15, 2004 suppression hearing, the parties jointly declared a stipulation of facts. According to the stipulation, on May 21, 2003, Crossville Police Officer Larry Qualls stopped a vehicle driven by the defendant for speeding on Highway 127. During the stop, Officer Qualls made a routine inquiry through the police dispatcher about whether the defendant was the subject of any outstanding warrants. The dispatcher informed Officer Qualls that a warrant for probation violation had been issued against the defendant on December 4, 2002, and based upon this information, the officer arrested the defendant. As a result of a search of the defendant's vehicle, Officer Qualls found a handgun and charged the defendant with illegal possession of a firearm.

On May 22, 2003, it came to light that the December 4, 2002 probation violation warrant had been dismissed on April 11, 2003, approximately five weeks before the arrest. Although the defendant, a previously convicted felon, was indicted for possession of a firearm, *see* Tenn. Code

Ann. § 39-17-1308(b)(1)(A) (2003), the trial court granted the defendant's motion to suppress the handgun as the product of an illegal search. The trial court and this court then granted the state's interlocutory appeal. *See* Tenn. R. App. P. 9.

On appeal, the state claims that the exclusionary rule should not apply to Officer Qualls's arrest and search because he relied in good faith upon the dispatcher's report that a warrant was outstanding for the defendant's arrest. The state relies upon *United States v. Leon*, 468 U.S. 897, 923-25, 104 S. Ct. 3405, 3420-21 (1984), which announced a good faith exception for "searches conducted pursuant to warrants." The defendant posits that *Leon* expresses a tenet of *federal* constitutional law that has not been adopted in Tennessee and is, accordingly, inapplicable to the present case.

Because the trial court relied upon stipulated facts in suppressing the handgun found in the defendant's car, our review of the determination is *de novo*. *See State v. Randolph*, 74 S.W.3d 330, 333 (Tenn. 2002).

"According to both the Fourth Amendment and [A]rticle I, § 7 of the Tennessee Constitution, 'a warrantless search or seizure is presumed unreasonable, and evidence discovered as a result thereof is subject to suppression unless the State demonstrates that the search or seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement.'" *Randolph*, 74 S.W.3d at 334; *see also Chimel v. California*, 395 U.S. 752, 763, 89 S. Ct. 2034, 2040 (1969) (establishing an exception to the search warrant requirement for searches incidental to arrests). Because in the present case the search is being defended as a search incident to an arrest, the legality of the search depends upon the legality of the arrest. *See Chimel*, 395 U.S. at 763, 89 S. Ct. at 2040. The arrest was prompted by the erroneous information that a probation violation warrant was outstanding for the defendant's arrest. Thus, Officer Qualls was mistaken in his apparently good faith belief that he had probable cause to arrest the defendant.

Protection against unreasonable searches and seizures carried out by state officers is afforded by Tennessee's constitution as well as by the Fourth and Fourteenth Amendments to the federal constitution. *See* Tenn. Const. art. I, § 7; *Randolph*, 74 S.W.3d at 334. The Tennessee Supreme Court, however, is the court of "last resort" in determining the scope and effect of the state constitution, so long as its determination does not "impinge upon the minimum level of protection established by [United States] Supreme Court interpretations of the federal constitutional guarantees." *Randolph,* 74 S.W.3d at 334. Thus, our supreme court "has not hesitated to extend greater privacy protections to the citizens of this State when appropriate under [A]rticle I, § 7 of the Tennessee Constitution." *Id.* at 335.

We know of no case in which our supreme court has adopted a good faith exception to excluding evidence obtained through an otherwise unreasonable search. *See State v. Carter*, 16 S.W.3d 762, 770 n.8 (Tenn. 2000) (supreme court commenting that "this Court has yet to adopt the [good faith] exception, and we decline to address its validity under the Tennessee Constitution until the issue is squarely presented"). To do so is our supreme court's prerogative. Thus, we discern no

basis for overturning the trial court's order of suppression based upon a warrantless, unreasonable search and seizure.

Therefore, the action of the trial court is affirmed.

_____

JAMES CURWOOD WITT, JR., JUDGE